**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CHRISTOPHER AMBROSE,<br>        Plaintiff,<br><br>v.<br><br>TINA SWITHIN,<br>        Defendant. | Civil Action No. 3:25-CV-01372-SVN<br><br><br>July 23, 2026 |

### JOINT MOTION TO STAY REMAINING DISCOVERY DEADLINES

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Local Civil Rule 7(a) of the United States District Court for the District of Connecticut, plaintiff *pro se* and defendant move jointly to stay the parties' remaining discovery deadlines, pending the Court's ruling on defendant's motion to dismiss. As grounds and good cause for this motion, the parties state as follows:

1.      Defendant's motion to dismiss has been fully briefed since January 23, 2026, and remains pending. ECF Nos. 24–25, 31, 37.

2.      Consistent with the Court's Scheduling Order, ECF No. 43, the parties exchanged initial disclosures on April 7, 2026, and completed Phase I written discovery.[1]

3.      On July 14 and 15, 2026, plaintiff and defendant, respectively, served letters identifying alleged deficiencies in the other's responses. After exchanging email correspondence between July 14 and 17, 2026, the parties agreed to meet and confer by telephone as required by Fed. R. Civ. P. 37 and D. Conn. L. Civ. R. 37(a).

---

[1] On May 26, 2026, plaintiff served interrogatories and requests for admission. On May 29, 2026, defendant served interrogatories and requests for production. On June 10, 2026, plaintiff served his damages disclosure. On June 19, 2026, plaintiff served requests for production. On June 23 and 24, 2026, the parties agreed by email to extend each other's response deadlines by one week. Defendant served responses to the requests for admission on June 24, 2026, answers to interrogatories on July 2, 2026, and responses to the requests for production on July 20, 2026. On July 6, 2026, plaintiff served answers to interrogatories and responses to the requests for production.

4.      Before conferring, both parties supplemented voluntarily. Plaintiff supplemented his document responses on July 20, 2026, and defendant supplemented her interrogatory answers and responses to requests for admission on July 22, 2026.

5.      On July 23, 2026, the parties conferred by telephone for nearly two and a half hours regarding their respective disputes. Both agreed to consider further supplementation.

6.      The Scheduling Order provides that where "the parties are negotiating in good faith in attempt to resolve the discovery dispute, a motion to extend [the motion-to-compel] deadline may be filed." ECF No. 43 at 2. After conferring, the parties agree that this is such a circumstance.

7.      Because defendant's pending motion to dismiss may resolve or narrow this action, the parties agree deferring further supplementation and potential motion practice would conserve the Court's resources and their own, at least while defendant's motion to dismiss remains pending. Notably, Phases II and III of discovery are already stayed on the same basis, as is discovery related to jurisdictional issues. *Id.*

8.      Neither party would be prejudiced. The parties submit this motion jointly, each remains free to supplement voluntarily during the stay, and no party waives any right, objection, or position. The parties further agree that neither will assert waiver under the Scheduling Order as to any motion-to-compel deadline falling between the filing of this motion and the Court's ruling on it, *e.g.*, the deadlines for moving to compel second supplemental discovery responses.

WHEREFORE, the parties respectfully request that the Court:

a.      Stay the parties' deadlines to move to compel under the Scheduling Order and their obligations to timely supplement under Fed. R. Civ. P. 26(e), pending the Court's ruling on defendant's motion to dismiss;

b.      Provide that, upon the Court's ruling, each party shall have thirty (30) days to move to compel as to any response or supplemental response served on or before the date of this motion;

c.      Direct the parties to submit a joint status report if the motion to dismiss remains pending 120 days after the date of this order;

d.      Direct the parties to confer and submit a proposed amended scheduling order within fourteen (14) days of the ruling, to the extent any claims remain; and

e.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| The Plaintiff,<br>CHRISTOPHER AMBROSE, | The Defendant,<br>TINA SWITHIN, |
| Proceeding *Pro Se*, | By Her Attorneys, |
| */s/ Christopher A. Ambrose*<br>Christopher A. Ambrose<br>153 Middle Beach Road<br>Madison, CT 06443<br>ca0515@aol.com | */s/ Jeffrey F. Frank (CT32070)*<br>Jeffrey F. Frank<br>Fed. Bar No. CT32070<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>Tel: (617) 670-8938<br>jfrank@morrisonmahoney.com |

## CERTIFICATION OF SERVICE

I hereby certify that, on the above written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the court's CM/ECF system.

*/s/ Jeffrey F. Frank (CT32070)*
Jeffrey F. Frank

- 3 -